IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-38023 |
| | ) | |
| ROBERT D. TOMLINSON, | ) | Chapter 7 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: September 28, 2010 |
| | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF TRUSTEE'S FIRST AND FINAL APPLICATION
FOR ALLOWANCE AND PAYMENT OF CONTINGENT FEES
AND EXPENSES TO IRA GOLDBERG AND DiMONTE & LIZAK, LLC**

To:   Attached Service List

  **PLEASE TAKE NOTICE** that on **Tuesday, September 28, 2010** at **10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Jacqueline P. Cox in Courtroom 619 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the **Trustee's First and Final Application for Allowance and Payment of Contingent Fees and Expenses to Ira Goldberg and DiMonte & Lizak, LLC** (the "Application"), a copy of which is attached hereto and served upon you, at which time and place you may appear as you see fit.

  The Application seeks the allowance and payment of a contingent fee of $45,000 for actual, necessary professional services rendered by Ira P. Goldberg and DiMonte & Lizak, LLC as Trustee's special counsel, and the reimbursement of actual out-of-pocket expenses of $399.64 (plus up to an additional $500) incurred in connection with those services during the period December 16, 2009 through September 28, 2010.

                R. SCOTT ALSTERDA, Chapter 7 Trustee for the
                Bankruptcy Estate of Robert D. Tomlinson,
                Debtor

Dated: September 3, 2010      By: /s/ Patrick F. Ross
                One of his attorneys

Of Counsel:
R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: 312-977-4400
Facsimile: 312-977-4405

1782083-1

## CERTIFICATE OF SERVICE

I, Patrick F. Ross, the undersigned attorney, hereby certify that on September 3, 2010 I caused to be served true and correct copies of the foregoing Notice of Motion, Local Rule 5082-1(A) Cover Sheet, and **Trustee's First and Final Application for Allowance and Payment of Contingent Fees and Expenses to Ira Goldberg and DiMonte & Lizak, LLC** upon the following individuals either by CM/ECF before 5:00 p.m. or by First Class U.S. Mail, postage prepaid before 7:00 p.m. by depositing envelopes into the mailboxes located outside 3500 Three First National Plaza, Chicago, IL 60602.

By:     /s/ Patrick F. Ross

## BY CM/ECF

William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785
USTPRegion11.ES.ECF@usdoj.gov

R. Scott Alsterda
c/o R. Scott Alsterda and Patrick F. Ross
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
312-977-4400
312-977-4405 (fax)
rsalsterda@uhlaw.com
pfross@ulaw.com

Barrington Bank & Trust Co., N.A.
c/o Christopher T. Conrad
Hanson Peters Nye
1000 Hart Road, Suite 300
Barrington, IL 60010
847-277-8105
847-277-7339 (Fax)
christopherconrad@hpnlaw.com

c/o Ira P Goldberg
DiMonte & Lizak, LLC
216 Higgins Road
Park Ridge, IL 60068
847-698-9600
847-698-9624 (Fax)
igoldberg@dimontelaw.com

GMAC Mortgage LLC
c/o Jose G Moreno
Codilis & Associates
15W030 N Frontage Road
Suite 100
Burr Ridge, IL 60527
630 794-5300 Ext. 1131
nd-one@il.cslegal.com

First Bank
c/o Michael Dimand
5 East Wilson Street
Suite 2
Batavia, IL 60510
630-406-8099
mdimand@aol.com

Mason, Richard J.
c/o Ira P Goldberg
DiMonte & Lizak, LLC
216 Higgins Road
Park Ridge, IL 60068
847-698-9600
847-698-9624 (fax)
igoldberg@dimontelaw.com

Mosher, Lawrence
c/o Jeffrey L. Gansberg
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000
jgansberg@muchshelist.com

Tomlinson, Robert D.
c/o Ariel Weissberg
Weissberg & Associates, Ltd
401 S. LaSalle Street
Suite 403
Chicago, IL 60605
312-663-0004
312 663-1514 (Fax)
ariel@weissberglaw.com

Willow Creek Community Church, Inc. and
Willow Creek Association
c/o Elizabeth A. Bates
Kathleen R Ryding
Huck Bouma PC
1755 S. Naperville Road
Wheaton, IL 60187
630-221-1755 Ext. 314
630-221-1756 (fax)
ebates@huckbouma.com

Kane Russell Coleman & Logan
c/o Gregory J Jordan
Jordan, Kowal & Apostol LLC
200 South Wacker Drive - 32nd Floor
Chicago, IL 60606
312- 854-7181
312-276-9285 (fax)
gjordan@jka-law.com

Mosher, Lawrence
c/o Kurt M. Carlson
Much Shelist
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606
312-521-2000
kcarlson@muchshelist.com

Shotkoski, Felicia
c/o Adam B Whiteman
Whiteman Law Offices, Inc.
118 N. Clinton Street, Suite 17
Chicago, IL 60661
312-655-1000
312-655-1002 (fax)
adamwhitemanlaw@aol.com

## BY FIRST CLASS U.S. MAIL, POSTAGE PREPAID

| | |
|---|---|
| Bauer, Deborah<br>19310 Stone Oak Parkway, Suite 201<br>San Antonio, TX 75258 | Hoffman Estates Community Bank<br>1375 Palatine Road<br>Hoffman Estates, IL 60192 |
| Bontempo, Blaine<br>24 Polo Drive<br>South Barrington, IL 60010 | Kane, James M., Jr.<br>18 Barrington Hills<br>Barrington, IL 60010 |
| Broyles, Frank L.<br>Goins, Underkofler, Crawford, et al<br>1201 Elm St., Suite 4800<br>Dallas, TX 75270 | Mosher, Michael D.<br>The Mosher Justice Center<br>50 North Main<br>Paris, TX 75460 |
| Capital One, N.A.<br>4245 North Central Parkway<br>Suite 245<br>Dallas, TX 75205 | Navigators Landing, LLC<br>1566 West Algonquin Road, Suite 230<br>Hoffman Estates, IL 60192 |
| Capital One, National Association<br>P.O. Box 829009<br>Dallas, TX 75382-9009 | NexBank, SSB<br>c/o Messrs Rossi and Ciavarra<br>13455 Noel Rd., Suite 2220<br>Dallas, TX 75420 |
| Capital Recovery III LLC Verizon Wireless<br>c/o Recovery Management Systems Corp<br>Attn: Ramesh Singh<br>25 SE 2nd Ave., Suite 1120<br>Miami, FL 33131-1605 | Northern Trust Bank<br>770 West Northwest Highway<br>Barrington, IL 60010 |
| Chapman Hext & Co., P.C.<br>301 S. Sherman St., Suite 200<br>Richardson, TX 75081-4166 | Palos Bank and Trust<br>12600 South Harlem Avenue<br>Palos Heights, IL 60463 |
| CHCT Investments, LLC<br>Attention Victor Bezman<br>525 W. Monroe Street, Suite 1600<br>Chicago, IL 60661-3649 | Perry, William and Julie<br>22278 NW Brookside Way<br>Lake Barrington, IL 60010 |
| Credit Union Liquidity Services LLC f/k/a Texas Commercial Capital, LLC<br>777 East Campbell Road, Suite 650<br>Richardson, TX 75081 | Reid, James and Tedde<br>33 Polo Drive<br>Barrington, IL 60010 |

| | |
|---|---|
| David Goodman & Madole<br>Attention: Bret Madole<br>5420 LBJ Freeway, Suite 1200<br>Dallas, TX 75240 | Smogolski, Gary M.<br>909 West Palm Drive<br>Mount Prospect, IL 60056-4126 |
| DFW Note Equities<br>5440 Harvest Hill Road, Suite 250<br>Dallas, TX 75230 | Tauchert, Patricia A.<br>302 W.Main Street<br>West Dundee, IL 60118 |
| FIA Card Services<br>P.O. Box 15710<br>Wilmington, DE 19886-5710 | Tomlinson, Lori<br>3890 Bernay Lane<br>Hoffman Estates, IL 60192 |
| Goldwasser, Richard<br>Schoenberg, Finkel, Newman<br>222 S. Riverside Plaza, Suite 2100<br>Chicago, IL 60606 | W.R. Rose Investments, Inc.<br>5440 Harvest Hill Road, Suite 250<br>Dallas, TX 75230 |
| Grossman, Seymour T.<br>9151 Kenneth Avenue<br>Skokie, IL 60076-1646 | Waggoner, Gregory L.<br>Four North Walkup Avenue<br>Crystal Lake, IL 60014 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-38023 |
| | ) | |
| ROBERT D. TOMLINSON, | ) | Chapter 7 |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: September 28, 2010 |
| | ) | Hearing Time: 10:00 a.m. |

### TRUSTEE'S FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF CONTINGENT FEES AND EXPENSES TO IRA GOLDBERG AND DiMONTE & LIZAK, LLC

NOW COMES R. Scott Alsterda ("Trustee"), not individually but as Chapter 7 Trustee for the Bankruptcy Estate (the "Estate") of Robert D. Tomlinson (the "Debtor"), pursuant to Sections 328(a) and 330(a) of the Bankruptcy Code and Rule 2016(a) of the Bankruptcy Rules, and hereby submits this first and final application for the entry of an order allowing and paying the contingency fee and reimbursing the out-of-pocket expenses of Ira P. Goldberg and DiMonte & Lizak, LLC (the "Application"), employed as the Trustee's special counsel by previous order of this Court to pursue recoveries related to certain transfers of money by the Debtor, including the prosecution of Adversary Proceeding No. 10-00043, captioned *R. Scott Alsterda, Trustee v. Willow Creek Community Church, Inc. and Willow Creek Association.* In support of the Application, the Trustee states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).

1782083-1

## INTRODUCTION

2. On October 12, 2009, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Richard J. Mason ("Trustee Mason") was appointed as the interim Chapter 7 trustee for the Estate.

3. The Debtor's Section 341(a) meeting of creditors was originally scheduled for November 23, 2009 and continued to December 14, 2009. Trustee Mason did not file an initial report of assets.

4. On or about January 20, 2010, Trustee Mason tendered his letter of resignation in this case. Subsequently, on or about January 21, 2010, the Trustee was appointed by the United States Trustee as interim Chapter 7 trustee for the Estate.

5. On January 25, 2010, the Debtor was granted a discharge order due to a clerical error. On or about January 26, 2010, the Court vacated that discharge order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure [Docket No. 50].

6. On January 25, 2010, the United States Trustee requested a renotice of the Debtor's Section 341(a) meeting of creditors for January 29, 2010 [Docket No. 48]. The Trustee has continued the meeting of creditors from time to time since then, most recently to September 30, 2010 [Docket No. 120]. Although the Trustee has not yet filed an initial report of assets, the Trustee believes the Estate may have some assets to be administered for the benefit of the Debtor's creditors.

## BACKGROUND OF ADVERSARY PROCEEDING NO. 10-00043

7. Prior to the Petition Date, on March 3, 2009, CHCT Investments LLC ("CHCT") filed a two-count complaint (the "Lawsuit") against Willow Creek Community Church, Inc. (the "Church") and the Willow Creek Association (the "Association"). At that time, the Lawsuit was

pending as Case No. 2009 L 002553 in the Circuit Court of Cook County, Illinois County Department, Law Division.

8. Subsequent to the Petition Date, on or about October 21, 2009, CHCT filed a Notice of Bankruptcy and Suggestion of Stay recognizing that the Lawsuit was the "property of Debtor's bankruptcy estate under Section 541 of the Bankruptcy Code."

9. On December 23, 2009, Trustee Mason contacted Ira P. Goldberg and his law firm, DiMonte & Lizak, LLC (collectively, "D&L") regarding representation of Trustee Mason in this Court relating to the Lawsuit.

10. On or about January 8, 2010, D&L filed a Notice of Removal relating to the Lawsuit, thereby initiating associated Adversary Case No. 10-00043, *Mason v. Willow Creek Community Church, Inc.*, et al. (the "Adversary Proceeding").

11. As stated above in Paragraph No. 4, Trustee Mason subsequently resigned as interim Chapter 7 trustee, and the Trustee was appointed to this case.

## THE TRUSTEE'S RETENTION OF D&L AS SPECIAL COUNSEL

12. On February 5, 2010, the Trustee filed his *Application to Employ Special Counsel* [Dkt. No. 56]. On February 25, 2010, the Court entered an order (the "Employment Order") authorizing the Trustee to retain D&L as special counsel for the purpose of prosecuting the Adversary Proceeding, effective retroactively to December 23, 2009, which is when D&L first began assisting Trustee Mason with the Notice of Removal and the Lawsuit [Docket No. 60]. A true and correct copy of the Employment Order is attached as Exhibit A.

13. Pursuant to the terms of the Employment Order, D&L is entitled to a sliding scale contingency fee depending first upon whether any recovery is obtained from the Adversary Proceeding and then the stage at which recovery is obtained. In relevant part, the Employment Order

1782083-1                                    3

states that "[i]f a recovery is obtained prior to the initiation of litigation related to the Claims, D&L shall be paid a contingency fee of 1/3 of that recovery." (Ex. A ¶ 2(b).) "If a recovery is obtained after the initiation of litigation related to the Claims," however, the Employment Order provides that "D&L shall be paid a contingency fee of 2/5 (40%) of that recovery." (*Id.* ¶ 2(c).)

14. Additionally, according to the terms of the Employment Order, D&L is entitled to "reimbursement of all out-of-pocket expenses from any recovery for the Estate related to the Claims." (*Id.* ¶ 2(a).)

15. The Church, the Association, and the Trustee have negotiated at length regarding the terms of a settlement of the Adversary Proceeding and have agreed to a Settlement and Mutual General Release Agreement (the "Agreement"). Among other things, the Agreement provides that the Church and the Association will pay to the Trustee for the benefit of the Estate the sum or $135,000 without any admission of liability. The Trustee is seeking the Court's approval of the Agreement in the contemporaneously filed *Trustee's Motion to Approve Settlement of Adversary Proceeding No. 10-00043* [Dkt. No. 123].

## REQUEST FOR RELIEF

16. The Trustee hereby respectfully requests that the Court enter an order allowing and authorizing the Trustee to pay to D&L the sum of $45,399.64 from the settlement proceeds, which are anticipated upon approval of the Agreement, in full and final payment of D&L's fees and expenses. This sum consists of 1/3 of the $135,000 in settlement proceeds ($45,000), plus $399.64 in out-of-pocket expenses incurred by D&L during the prosecution of the Adversary Proceeding. Additionally, the Trustee requests that the Court authorize the Trustee, in his sole discretion and without further application to the Court, to pay D&L up to an additional $500 for reimbursement of further out-of-pocket expenses incurred, as explained more fully below.

17. Since December 16, 2009, D&L has worked diligently toward a successful resolution of the Adversary Proceeding, including facilitating settlement negotiations with the Church and the Association on behalf of the Trustee, pursuing and analyzing documents produced pursuant to discovery requests, and making strategic recommendations to the Trustee based upon D&L's intimate knowledge of and familiarity with the facts and law of the Adversary Proceeding. Further, in an effort to facilitate the prompt resolution of the Adversary Proceeding, D&L has agreed to accept a contingency fee of 1/3 instead of the 2/5 to which it might arguably be entitled under the terms of the Employment Order.

18. A list of expenses incurred by D&L in connection with the Adversary Proceeding is attached as <u>Exhibit B</u>.

19. D&L anticipates that it may be entitled to reimbursement for additional out-of-pocket expenses not listed on Exhibit B. To ensure that D&L is reimbursed for all of its actual, out-of-pocket expenses while also minimizing the administrative expense to the Debtor's bankruptcy estate, the Trustee requests that the Court authorize him, in his sole discretion and without further application to the Court, to pay D&L up to an additional $500 as reimbursement for those further expenses. Before paying any further expenses, the Trustee would review invoice(s) submitted by D&L to determine that such expenses are actual, out-of-pocket costs that do not reflect any markup, profit, or overhead. To the extent such additional expenses exceed $500, the Trustee would submit a written supplement to the Application to the Court.

### **NOTICE**

20. Pursuant to Bankruptcy Rule 2002(a)(6), the Trustee is required to provide the Debtor, the United States Trustee, and all creditors and parties-in-interest with 21-days' notice of the Application. As stated in the Certificate of Service, the Trustee has served a copy of the Application

by CM/ECF on all parties registered in this case and by first class U.S. mail on all persons and entities listed on the Debtor's creditor matrix. In light of the relief requested the Trustee requests that this Court approve the form and manner of notice provided for in the Application as sufficient and waive and dispense with any further notice requirements.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

A. granting the relief requested in the Application;

B. approving D&L's contingency fee in the amount of $45,000 as reasonable and necessary professional services rendered to the Debtor's bankruptcy estate for the period December 16, 2010 through September 28, 2010;

C. approving D&L's out-of-pocket expenses in the amount of $399.64, incurred in connection with its professional services between December 16, 2010 through September 28, 2010, as actual and necessary;

D. authorizing the Trustee to use the settlement proceeds from the Adversary Proceeding anticipated upon approval of the Agreement to pay D&L a total of $45,399.64, which represents $45,000 in fees deemed reasonable and necessary and $399.64 in out-of-pocket expenses deemed actual and necessary;

E. further authorizing the Trustee, in his sole discretion and without further application to the Court, to use the settlement proceeds from the Adversary Proceeding to pay D&L up to an additional $500 in reimbursement for actual out-of-pocket expenses incurred by D&L in connection with the Adversary Proceeding upon D&L's submission of supplemental invoice(s) for any further out-of-pocket expenses; and

F. granting the Trustee such other relief as may be just and appropriate.

Respectfully submitted,

R. SCOTT ALSTERDA, Chapter 7 Trustee for the Bankruptcy Estate of Robert D. Tomlinson, Debtor

Dated: September 3, 2010                    By: /s/ Patrick F. Ross
                                                One of his attorneys

<u>Of Counsel</u>:
R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone:  312-977-4400
Facsimile:  312-977-4405